**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSUE CRUZ, | : | |
|     Plaintiff, | : | Case No.  3:22-cv-1241 (OAW) |
| v. | : | |
| | : | |
| NAQVI, et al., | : | SEPTEMBER 27, 2024 |
|     Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT (ECF No. 31)**

Plaintiff Josue Cruz brought this action asserting claims for deliberate indifference to serious medical needs against defendants Dr. Naqvi, Nurse Supervisor Furtick, Nurse Graham, APRN Shauser, and RCOO Shea.  *See* Initial Review Order, ECF No. 9. Defendants have filed a motion for summary judgment arguing that Plaintiff has not exhausted his administrative remedies and that he fails to state a cognizable claim for deliberate indifference to medical needs.  For the following reasons, the motion for summary judgment, ECF No. 31, is **GRANTED.**

**I.      STANDARD OF REVIEW**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Substantive law determines which facts are material.   *Anderson*, 477 U.S. at

1

248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense…." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).  In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'"  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted).  To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented party's "papers liberally to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II.     **FACTS**[1]

Plaintiff was confined at MacDougall-Walker Correctional Institution between October 18, 2019, and June 15, 2023.  Defs.' Local Rule 56(a)(1) Statement, ECF No. 31-2 ¶¶ 6-7.  This action concerns his medical care there from October 2019, until he filed this action on October 5, 2022.

In October 2019, Plaintiff complained to Dr. Naqvi about rectal bleeding, stating that he observed clots of blood upon defecation.  *Id.* ¶ 8.  Plaintiff was seen many times for complaints of abdominal pain and bleeding.  *Id.* ¶ 9.  A 2015 colonoscopy report indicated that Plaintiff had a prominent hemorrhoid.  *Id.* ¶ 28.  Plaintiff also was suspected of having Crohn's disease.  *Id.* ¶ 27.

In addition to his complaints of constipation, hemorrhoids, and bloody stools, Plaintiff was treated for sleep apnea, leg pain, toenail infections, sinus congestion, shoulder pain, knee and ankle pain, and right-hand pain while confined at MacDougall-Walker Correctional Institution.  *Id.* ¶ 30.

---

[1] The facts are taken from Defendants' Local Rule 56(a)(1) Statement and exhibits.  Local Rule 56(a)(2) requires the party opposing summary judgment to submit a Local Rule 56(a)(2) Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)(1) Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party.  Each denial must include a specific citation to an affidavit or other admissible evidence.  D. Conn. Local Rule 56(a)(3).  Defendants informed Plaintiff of this requirement.  *See* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(a), ECF No. 31-11.  Despite this notice, Plaintiff has not filed any opposition to the motion for summary judgment in the nearly eight months since the motion was filed.  Plaintiff's self-representation does not excuse him from complying with the court's procedural and substantive rules.  *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2023) (citing *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Jackson v. Onodaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("when a plaintiff is proceeding pro se, 'all normal rules of pleading are not absolutely suspended'") (citation omitted).  Thus, Defendants' facts, when supported by the evidence of record, are deemed admitted.  *See* D. Conn. Local Rule 56(a)(3) ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions....").

3

Defendants identify thirteen grievances Plaintiff filed in 2021 and 2022, and briefly describe their subjects: Nos. 30051 and 30406 regard blood pressure medication; Nos. 1286 and 1295 regard the misconduct of Nurse Jericka; No. 1191 concerns the failure to complete an incident report; No. 1190 concerns the failure to provide him a copy of the incident report; No. 1189 regards the failure to receive a COVID booster; No. 1187 regards the failure to receive flu vaccine; and Nos. 742, 741, 650, 649, and 1188 regard failure to be seen at sick call during the COVID pandemic.  *Id.* ¶ 42; Defs.' Mem. Attachment 9, Ex. B & C, ECF No. 31-10 at 14-62.

### III.  DISCUSSION

Defendants first argue that Plaintiff failed to exhaust his administrative remedies on any claims asserted in this action.  The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions.  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  Exhaustion of administrative remedies permits prison officials to address complaints before being subjected to suit and reduce litigation if the complaint can be resolved satisfactorily within the administrative process.  *See Jones v. Bock*, 549 U.S. 199, 219 (2007).

4

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court of the United States requires proper exhaustion of administrative remedies and has held that this requirement is not met when a grievance is not filed in accordance with deadlines established by the grievance policy. *See Jones*, 549 U.S. at 217-18 (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006)). Special circumstances will not relieve an inmate of his obligation to adhere to the exhaustion requirement. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *Id.*

Failure to exhaust administrative remedies is an affirmative defense, and so the defendants bear the burden of proof. *See Jones,* 549 U.S. at 216. Once the defendants establish that administrative remedies were not exhausted before the inmate commenced that action, the plaintiff must establish that the administrative remedy procedures were not available to him under *Ross*. *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability"). An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking

5

advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (citation omitted).

The Supreme Court of the United States has held that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Further, "[i]t is well-established in the Second Circuit that any informal resolution or relief outside of the administrative procedures does not satisfy exhaustion requirements." *Rawls v. Rosenfield*, No. 9:16-CV00582(LEK/CFH), 2017 WL 7050648, at *7 (N.D.N.Y. Nov. 28. 2017), *report and recommendation adopted*, 2018 WL 542249 (N.D.N.Y. Jan. 23, 2018); *see also Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007) (regardless whether informal complaints put prison officials on notice of inmate's grievance "in a substantive sense," inmate must still comply with procedural requirements for exhaustion); *Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (agreeing with the district court that plaintiff did not properly exhaust administrative remedies because informal letters plaintiff sent to Connecticut Department of Correction officials did not conform to established administrative remedy procedures).

Exhaustion of claims regarding medical needs is governed by Department of Correction Administrative Directive 8.9.[2]  There are two types of health services administrative remedies. A diagnosis and treatment remedy seeks "review of diagnosis

---

[2] Defendants attach to their motion for summary judgment the version of Directive 8.9 that was in effect at the beginning of the period covered by this action. *See* Defs.' Mem. Attachment 9, Ex. A, ECF No. 31-10 at 7-11. The current version of Directive 8.9 became effective on April 30, 2021. *See* https://portal.ct.gov/-/media/doc/pdf/ad/ad0809pdf.pdf (last visited September 27, 2024). As the procedures are the same under both versions of the directive, the court recounts the procedures as set forth in the current version of the directive.

6

or treatment decision made by a physician, psychiatrist, psychologist, advanced practice registered nurse (APRN), physician assistant (PA), physician assistant-certified (PA-C), or dentist...." Dir. 8.9(6)(a)(i).  An administrative issue remedy seeks "review of a practice, procedure, administrative provision or policy, or an allegation of improper conduct by a health services provider."  Dir. 8.9(6)(a)(ii).

The relevant procedures are as follows.  Upon receipt, the administrative remedy is reviewed for compliance with the provisions in Directive 8.9.  If the request is not in compliance, it is rejected.  See Dir. 8.9(6)(b)(i).  Before filing a Health Services Administrative Remedy, the inmate must attempt to seek informal resolution.  See Dir. 8.9(6)(b)(ii)(1).  The inmate may first try to resolve the issue verbally with the appropriate staff member.  See Dir. 8.9(6)(b)(ii)(2).  If verbal communication is unsuccessful in resolving the issue, the inmate must submit a written request on form CN 9601 to the appropriate staff member.  See Dir. 8.9(6)(b)(ii)(3-4).  The inmate will be provided a response within fifteen business days after receipt of the written request.  See Dir. 8.9(6)(b)(ii)(7).  If the inmate is not satisfied with the response to the written request, he may file a Health Services Administrative Remedy.[3]  See Dir. 8.9(6)(b)(iii)(1).  The Health Services Administrative Remedy must be filed within thirty calendar days of the occurrence or discovery of the cause or reason for the request for Health Services Administrative Remedy.  See Dir. 8.9(6)(b)(iii)(4).

Upon receipt of a diagnosis and treatment remedy, the Health Services Administrative Remedy Coordinator ("HSARC") consults the provider who made the

---

[3] The only difference between the two versions of the directive is that under the prior version, a medical grievance is filed on form CN9602, while under the current version it is filed on form CN8901.

decision to determine what action, if any, should be taken. *See* Dir. 8.9(6)(c)(i)(2)(a). If the provider decides that the existing diagnosis or treatment is appropriate, the remedy is denied and may not be appealed. *Id.* If it decides that further evaluation is needed, it may schedule a health services review appointment. *See* Dir. 8.9(6)(c)(i)(2)(b).

The Level 1 decision on an administrative issue remedy is made by the HSARC in consultation with appropriate health care supervisors. *See* Dir. 8.9(6)(c)(ii)(1). The remedy is first reviewed for compliance with the provisions of Directive 8.9. *See* Dir. 8.9(6)(c)(ii)(2). If the remedy is compliant, it will be processed. If not, it will be rejected and, if correction is possible, the inmate will be afforded five days to correct the defect and resubmit the request. *See* Dir. 8.9(6)(c)(ii)(2)(a).

Defendants have submitted evidence that Plaintiff filed no medical grievances from October 2019 through the end of 2020, either for review of diagnosis and treatment or for an administrative issue. However, Defendants admit Plaintiff filed many grievance forms in 2021 and early 2022. Plaintiff is required to have completed the exhaustion process before commencing this action. Thus, the court does not consider any grievances filed after October 5, 2022, the day he filed the complaint.[4] As indicated in the recitation of facts above, none of the grievances Plaintiff filed prior to October 5, 2022, concerned Plaintiff's complaints of constipation, hemorrhoids, and bloody stools, the only medical conditions at issue in this case.

---

[4] Defendants concede that they cannot locate copies of grievances numbered 3511, 3513, and 3514 which were filed while Plaintiff was confined at MacDougall-Walker Correctional Institution. However, the records showing receipt of these grievances show that they were filed in 2023 and, therefore, they do not affect this analysis. *See* Defs.' Mem. Attachment 9, Ex. C, Doc. No. 31-10 at 20-22.

As Defendants have submitted evidence that Plaintiff did not file a medical grievance on this issue, the burden falls to Plaintiff to demonstrate exhaustion or unavailability. Although informed of his obligation to respond to the motion for summary judgment and the contents of a proper response, Plaintiff has filed no opposition to the motion and has presented no evidence suggesting that he filed grievances regarding his complaints of constipation, hemorrhoids, and bloody stools. Thus, he has not exhausted his administrative remedies. Accordingly, Defendants' motion for summary judgment is granted on this ground.

## IV.     CONCLUSION

Defendants' motion for summary judgment (ECF No. 31) is **GRANTED.** The Clerk of Court respectfully is directed to please enter judgment in favor of Defendants and to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 27th day of September, 2024.

                                      /s/
                          Omar A. Williams
                          United States District Judge